IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:16CR205-2 |
| v. | ) | 1:16CR205-3 |
| | ) | 1:16CR205-4 |
| SHANNON MICHELLE DRAKE | ) | |
| RONALD KEITH EARNEST | ) | |
| ROBERT THOMAS TAYLOR | ) | |

**ORDER**

On October 9, 2018, this court held a hearing on pending motions. (See Minute Entry dated Oct. 9, 2018.) Those pending motions included motions by Defendant Earnest, (Docs. 374, 376, 378, 380, 382), Defendant Drake, (Docs. 372, 386), and Defendant Taylor, (Docs. 384, 391). This court heard and ruled upon the majority of the motions. (See Oral Order dated Oct. 9, 2018). However, three motions filed by Defendant Earnest, (Docs. 374, 376, 382), two of which Defendant Drake joined, (Doc. 386), and one of which Defendant Taylor joined, (Doc. 391), were taken under advisement by this court. This court addresses those motions herein.

I. **MOTION TO PRODUCE (DOC. 376)**

Defendant Earnest filed a Motion to Produce Grand Jury Presentation Regarding the $3,281,362.60 Transaction. (Doc. 376.) Defendant Drake joined that motion. (Doc. 386.) The

Government's response to Earnest's Motion, (Doc. 396), and its argument in court on October 9, 2018, undermine Defendant's claims. The Government has acknowledged it intends to provide the requested Grand Jury presentment testimony prior to trial. (See Doc. 396 at 1.) At the October 9, 2018 hearing, the Government committed to disclosing remaining discovery information on November 7, 2018. This court does not find a disclosure prior to November 7, 2018, as requested by Defendant Earnest, necessary. In light of the Government's representation, this court finds Defendant's motion, (Doc. 376), is moot and will therefore be denied.

**II. MOTION TO DISMISS (DOC. 382)**

Defendant Earnest filed a Motion to Dismiss the Indictment for Failure to State an Offense. (Doc. 382.) The Government responded, (Doc. 397), and this court held a hearing on October 9, 2018. (See Minute Entry dated Oct. 9, 2018.) Upon review of the notes of that hearing, while this court made findings indicating its intent to deny the motion, it does not appear this court issued an order. (See Minute Entry dated Oct. 9, 2018; Oral Order dated Oct. 9, 2018.) For the reasons more fully stated on the record at the October 9th hearing, this court finds that Defendant Earnest's motion to dismiss the Third Superseding Indictment (the "Indictment") should be denied.

- 2 -

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974) (citations omitted). In his motion to dismiss, Defendant Earnest challenges the allegations contained in the Indictment treating the factoring arrangement as a loan instead of a sale of accounts to which the legal lending limits would not apply. (See, e.g., Mem. in Supp. of Mot. to Dismiss (Doc. 383) at 19, 22.) These are factual issues that must be resolved on facts developed at trial. See United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012) (citations and internal quotation marks omitted) ("A district court may dismiss an indictment . . . where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.").

Defendant Earnest's Motion to Dismiss the Indictment for Failure to State an Offense, (Doc. 382), will therefore be denied.

## III. **MOTION FOR A BILL OF PARTICULARS (DOC. 374)**

Defendant Earnest filed a Motion for a Bill of Particulars, (Doc. 374), and Defendants Drake and Taylor joined that motion, (Docs. 386, 391). The Government responded. (Doc. 393.) This court held a hearing on Defendant Earnest's motion on October 9, 2018. (See Minute Entry dated Oct. 9, 2018.) Following that hearing, this court took Defendant's motion under advisement. (See id.)

A district court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars contains "specific information about charges brought in a vague or broadly-worded complaint." United States v. Dunnigan, 944 F.2d 178, 181 (4th Cir. 1991), rev'd on other grounds, 507 U.S. 87 (1993). "[T]he function of a bill of particulars is not to provide detailed disclosure of the government's evidence in advance of trial but to supply any essential detail which may have been omitted from the indictment." United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973) (citations and internal quotation marks omitted); see also United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985) (citation omitted) (stating that a bill of particulars is intended to "apprise the defendant of the charges . . . so that

he may adequately prepare a defense and avoid surprise at trial").

Defendant Earnest argues that the Government "should . . . be required to state with conviction what amounts of loss it believes Mr. Earnest had a hand in causing the Bank to incur." (Mem. in Supp. of Mot. for a Bill of Particulars (Doc. 375) at 2.) The Government responds, inter alia, that "[l]oss is not an 'essential detail' omitted from the indictment because loss is not an element of the fraud charged in the indictment." (Gov't's Resp. in Opp'n to Mot. ("Gov't Resp.") (Doc. 393) at 6 (quoting Anderson, 481 F.2d at 690).)

This court agrees with the Government that loss is not an element of the fraud offenses charged in the Indictment. In summary, the offenses charged in the Indictment include violations of: 18 U.S.C. § 371, 18 U.S.C. § 1344(2), 18 U.S.C § 656, 18 U.S.C. § 1005, and 18 U.S.C. § 1503. None of these offenses requires proof of loss (or a specific loss amount) as an element of the offense. See, e.g., United States v. Vogt, 910 F.2d 1184, 1202-03 (4th Cir. 1990) (discussing the elements of a conspiracy under 18 U.S.C. § 371); Shaw v. United States, ____ U.S. ____, ____, 137 S. Ct. 462, 464 (2016) ("[T]he statute [18 U.S.C. § 1344(1)], while insisting upon 'a scheme to defraud,' demands neither a showing of ultimate financial loss nor a

showing of intent to cause financial loss."); Loughrin v. United States, 573 U.S. 351, 134 S. Ct. 2384, 2395 n.9 (2014) (rejecting the argument that risk of loss is an element of bank fraud under § 18 U.S.C. 1344(2)); United States v. Duncan, 598 F.2d 839, 858 (4th Cir. 1979) ("To show a misapplication [under 18 U.S.C. § 656], the Government must prove a conversion of bank funds . . . . Actual loss need not be proved . . . it is sufficient that the defendant at least temporarily deprive the bank of the possession, control or use of its funds."); United States v. Luke, 701 F.2d 1104, 1108 (4th Cir. 1983) (sustaining convictions under 18 U.S.C. §§ 656 and 1005 in part because actual loss need not be proved). Thus, strictly construed, Defendant Earnest's motion should be denied as Defendant has failed to demonstrate that any material omitted from the Indictment is an essential detail necessary to prepare a defense. Similarly, this court previously found, in response to Defendant Drake's motion for a bill of particulars, (Doc. 242), that the Indictment is "extensive, alleging sufficient facts to enable Drake to prepare for trial." (Mem. Op. and Order (Doc. 274) at 11.)

Nevertheless, as a result of arguments – some of which the Government presented to this court for the first time – during

the motion hearing on October 9, 2018, Defendant Earnest's motion for a bill of particulars raises substantial concern.

First, the Government has consistently argued that the defrauded bank in this case is a victim of the offenses, but, prior to the October 9th hearing, the Government had not contended that the bank sustained any loss amount as a result of the fraud. Because loss is not an element of the offenses, the Government's silence as to the existence of any loss is not noteworthy. However, during the October 9th hearing, the Government contended for the first time that the bank did sustain a loss amount, at least as to a $1.4 million loan to Bruce Harrison which was improperly written off. There is a difference, at least to this court, between not alleging any loss amount because none existed or the amount was either unknown or unascertainable, and choosing not to allege a specific loss amount despite its claimed existence.

Second, the Government also argued on October 9th that the bank disbursed money to Harrison, who in turn gave the money to Julie Akers of CMI to then pay it back to the bank. Those funds were then applied to old invoices to make them appear paid. That fraudulent activity as described by the Government appears to be the same as that alleged in Count Twenty-Nine of the Indictment. (See Indictment (Doc. 85) at 40-47.) However, Count Twenty-Nine

names as defendants Drake and Taylor and does not mention Earnest in any fashion.

Third and relatedly, the Government argued at the October 9th hearing that the victim bank had false information on its books in the form of notations that invoices were marked paid when there is no evidence those invoices were paid. The Government contended that invoices falsely marked as paid constitute losses to the bank. To the extent that these fraudulent book entries relate to those described in Count Twenty-Nine of the Indictment, then again, Count Twenty-Nine does not mention Earnest.[1] Further, Count Twenty-Nine does not allege theft, embezzlement, misapplication, or bank fraud under either 18 U.S.C. §§ 656 or 1344(2).

If the Government now contends that the fraud and misapplication described during oral argument is attributable to Defendant Earnest, that position and the factual allegations to support it seem inconsistent with, or absent from, the allegations against Earnest contained in the Indictment. With

---

[1] The Indictment alleges that Corriher and Drake "made false entries on the books and records of SC Bank marking certain aging and unpaid invoices as paid when, in fact, as Douglas Alan Corriher and Shannon Michelle Drake then well knew, such aging and unpaid invoices had not been paid by a staffing customer and in fact had been marked paid through application of the CMI checks funded by factoring advances made by SC Bank for that purpose . . . ." (Indictment (Doc. 85) at 46-47.)

- 8 -

respect to the allegations in Count Twenty-Nine, this court is not persuaded that Earnest would be on notice of those allegedly fraudulent transfers and related bank record entries merely due to allegations against Earnest in the other counts of the Indictment.

A comparison of paragraph 104 of Count One, (Indictment (Doc. 85) at 26), to the allegations contained in Count Twenty-Nine, (id. at 40-47), illustrates the potential confusion as to conduct for which the Government contends Earnest is accountable. Paragraph 104 suggests to this court, in light of all preceding allegations, that the false entries by Drake described therein arose because the proceeds payable to the Staffing Companies (CMI, CMI of Iowa, and IHT of SC) were applied to Nominee Companies instead of Staffing Companies. However, the Government's argument in open court seems to suggest there may have been additional falsification of records in relation to those transactions; that is, proceeds originating from the bank were ultimately delivered back to the bank and applied to invoices from Staffing/Nominee Companies as described in Count Twenty-Nine.

In cases involving fraud, one court in this circuit has noted that: "it is critical that the government identify in the indictment the dates of the fraudulent conduct, the specific

fraudulent documents, and the fraudulent statements within the documents." United States v. Sampson, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) (citing United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987)). "However, where the government maintains an open file policy, a bill of particulars is usually unnecessary, as the defendant has an adequate source of information." United States v. Myers, Civil Action No. 3:07CR55, 2008 WL 11417475, at *2 (N.D. W. Va. June 19, 2008) (citing United States v. Schembari, 484 F.2d 931, 935 (4th Cir. 1973)). A bill of particulars is not required when the Government provides extensive disclosure of documents and testimony. United States v. Soc'y of Indep. Gasoline Marketers, 624 F.2d 461, 466 (4th Cir. 1979) (citation omitted) ("In the light of this extensive disclosure by the Government there was no abuse of discretion by the trial court in declining to require the Government to supply the further information requested by the defendants.").

The Government has argued, inter alia, that "the extensive discovery provided to the defense in this case obviates the need for a bill of particulars." (Gov't Resp. (Doc. 393) at 7.) As a result of the Government's representations at the October 9th hearing, this court is concerned that the Government's "open file" policy in this district is not as open as this court has

historically understood. The Government explained during the hearing that certain memoranda of interviews and/or Jencks Act materials have been withheld, were not disclosed with other discovery, and will not be disclosed until a later time. Jencks Act material is not the same as memoranda of interviews prepared by law enforcement officers. 18 U.S.C. § 3500 defines a "statement" as "a written statement made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e)(1). In this court's experience, the Government's withholding of memoranda of interviews (not adopted by a witness) from the open file discovery process as Jencks Act material constitutes a marked departure from the historical open file policy of the U.S. Attorney in this district. Similarly, this court was not aware that the Government was not providing access to Jencks Act material with other discovery material, which is also inconsistent with this court's understanding of the historical practice in this district.

In United States v. Perry, a district court made the following observation which this court finds particularly relevant: "A defendant is not fairly apprised of the necessary information merely because the government provided 'mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified' at trial." 30 F. Supp. 3d

514, 523 (E.D. Va. 2014) (quoting Bortnovsky, 820 F.2d at 575) (citing United States v. Modi, 197 F. Supp. 2d 525, 530 (W.D. Va. 2002) (recognizing "that the volume of discovery in a complex case may itself impede rather than assist the defense in its understanding of the government's case," but nevertheless denying a motion for a bill of particulars where the government provided "charts or summaries" specifically identifying the alleged criminal acts)).

Given an alleged total of more than $40 million in advances against the factoring agreements in this case, this court can reasonably infer the relevant records relating to that activity are substantial. The Indictment alleges that "materially false entries in the books, reports, and statements of SC Bank" were part of the conspiracy charged in Count One, (Indictment (Doc. 85) at 17), and the bank fraud as charged in Counts Two through Fourteen, (see id. at 27, 32). However, it is no longer clear that all of those "materially false entries" are described in the Indictment, at least in a form which would place Earnest on notice of his alleged criminal activity. It further appears to this court that all discovery which might otherwise address these issues has not been provided at this time.

Nevertheless, the Indictment is extensive and contains substantial information as to overt acts and the fraudulent

transfer of funds. It also appears that Defendants have been granted significant access to bank records and investigative materials, such that Defendants are capable on their own of reviewing that material and determining to some extent which transactions may be fraudulent without further guidance from the Government. (See, e.g., Docs. 381-1; 381-3, 381-9 at 3-4; 383-1 at 10-18.) The Government also stated at the October 9th hearing that it had previously provided defense counsel with the summary charts that the Government's analyst prepared concerning the mismarked invoices and any alleged losses related thereto, as well as the bank records on which the analyst relied.

This court is not aware of any legal authority that requires the Government to list all overt acts or every allegedly fraudulent book entry in an indictment. In light of the Government's willingness to move up the disclosure of discovery materials to November 7, 2018, and the Government's representation that it hopes to turn over all trial exhibits on that date, the court will decline to grant Defendant Earnest's motion at this time. This court expects that the Government's November 7th disclosures, in light of the discussion herein, will prevent defense counsel from being unfairly surprised at trial.

As a result of the foregoing, this court is of the opinion that Defendant Earnest's motion for a bill of particulars, (Doc. 374), should be denied without prejudice. However, as this court stated at the hearing on October 9th, if the document exchange on November 7th, and counsel's subsequent review of those documents, does not alleviate some of the concerns addressed herein, then Defendant Earnest is free to refile his motion for a bill of particulars, and the court will expediently address it.[2]

In light of the foregoing,

**IT IS THEREFORE ORDERED** that Defendant Earnest's Motion to Produce Grand Jury Presentation Regarding the $3,281,362.60 Transaction, (Doc. 376), in which Defendant Drake joined, (Doc. 386), is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Defendant Earnest's Motion to Dismiss the Indictment for Failure to State an Offense, (Doc. 382), is **DENIED**.

---

[2] The court specifically notes again, as it did at the October 9th hearing, that it will not look favorably upon defense counsel being surprised at trial by the Government's reliance on falsified or fraudulent bank entries with respect to Counts One through Twenty-Nine that have not previously been identified in the Indictment or by way of summary charts or other documents provided to counsel.

- 14 -

Case 1:16-cr-00205-WO   Document 403   Filed 11/02/18   Page 14 of 15

**IT IS FURTHER ORDERED** that Defendant Earnest's Motion for a Bill of Particulars, (Doc. 374), in which Defendants Drake, (Doc. 386), and Taylor, (Doc. 391), joined, is **DENIED WITHOUT PREJUDICE.**

This the 2nd day of November, 2018.

_____
United States District Judge